IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DARILE JOHNSON, # 27928,
ANGEL M. SAEZ, # 118314 AND
JAMES WHATLEY, # 63722                                        PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 4:10-cv-32-TSL-LRA

WARDEN DALE CASKEY, BARTLEY GRIMES,
GEORGE ZOLEY, UNKNOWN COX
AND UNKNOWN WILSON                                            DEFENDANTS

## ORDER REQUIRING SEPARATE COMPLAINTS

BEFORE THE COURT is plaintiffs' complaint filed on March 8, 2010, pursuant to 42 U.S.C. § 1983. These three plaintiffs filed a joint complaint alleging violations of their civil rights while incarcerated in the East Mississippi Correctional Facility. Each plaintiff completed a separate application to proceed in forma pauperis. The court is of the opinion that plaintiffs must file separate complaints for the reasons set forth below.

It is well settled that "a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990) (citations omitted); Coon v. Ledbetter, 780 F.2d 1158, 1160-61 (5th Cir. 1986) ("[L]ike all persons who claim a deprivation of constitutional rights," each Plaintiff is "required to prove some violation of [his] personal rights." Coon, 780 F.2d at 1160-61 (citations omitted)). Meritorious claims may be obscured by the frivolous. Moreover, multi-

plaintiff prisoner complaints present a variety of administrative and logistical problems not associated with other civil actions.

After the enactment of the Prison Litigation Reform Act of 1996, the court implemented a number of procedures that facilitate the prison litigation process. If the court were to permit multi-plaintiff prisoner complaints, however, such a practice would render those court procedures inefficient. For example, prisoner plaintiffs proceeding in forma pauperis ("IFP") are required to pay the full amount of the filing fee[1] and costs.[2] Prisoner plaintiffs who have, on three or more prior occasions, brought frivolous or malicious complaints or complaints which failed to state a claim, may not proceed IFP.[3]

With these concerns in mind, and with the objective of achieving judicial economy and maintaining efficient control of its docket, the court finds it appropriate to sever the recent matter into individual actions, one for each named plaintiff. The present case, civil action number 4:10-cv-32-TSL-LRA, will be dismissed without prejudice.

The Clerk of the Court will be directed to assign a new case number to each individual plaintiff. The Clerk of the Court shall be directed to file the present complaint, application to

---

[1] 28 U.S.C. §1915(b)(1).

[2] 28 U.S.C. § 1915(f)(2)(A).

[3] 28 U.S.C. § 1915(g)

proceed <u>in forma pauperis</u> and any other documents, including this order in each new case with a file date of today's date. The newly-assigned case number shall be placed upon the copy of the present complaint and other documents and they shall serve as the original documents in the severed action. In the event the court finds that common questions of law or fact exist in separate cases, the court may then order that those cases be consolidated, as provided in Fed. R. Civ. P. 42(a).

Upon assignment of individual case numbers and creation of individual cases, the court will make further orders in each case after conducting its review pursuant to 28 U.S.C. § 1915.

IT IS THEREFORE ORDERED:

(1) That civil action number 4:10-cv-32-TSL-LRA shall be severed into three individual actions, one for each named plaintiff.

(2) That the severed cases shall be captioned as follows:

    Darile Johnson v. Warden Dale Caskey, et al.
    Angel M. Saez v. Warden Dale Caskey, et al.
    James Whatley v. Warden Dale Caskey, et al.

(3) That the Clerk of the Court is directed to assign individual civil action numbers to each of the severed cases.

(4) That the Clerk of the Court is directed to file the complaint, each plaintiff's individual application to proceed <u>in forma pauperis</u> and any other documents from civil action number

4:10-cv-32-TSL-LRA including this order, in each newly-created file with a file date of today's date.

(5) That the complaint and action in civil action number 4:10-cv-32-TSL-LRA is dismissed without prejudice.

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE