# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**JAMES WHATLEY, #63722**                                                   **PLAINTIFF**

**VERSUS**                      **CIVIL ACTION NO. 4:10-cv-48-TSL-LRA**

**DALE CASKEY, et al.**                                                    **DEFENDANTS**

<u>OPINION AND ORDER</u>

This cause comes before this court <u>sua sponte</u> for consideration of dismissal. The plaintiff filed this complaint pursuant to 42 U.S.C. § 1983 and requested <u>in forma pauperis</u> status. On March 30, 2010, an order [4] was entered in this action directing the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3) or a Notice of Voluntary Dismissal (Form PSP-4), within thirty days. The plaintiff was warned in this court's order [4] of March 30, 2010, that failure to advise this court of a change of address or failure to timely comply with any order of this court may lead to the dismissal of his complaint. On April 13, 2010, the envelope [5] containing this court's order [4] was returned by the postal service with the notation "return to sender". The plaintiff failed to comply this court's order [4].

On May 27, 2010, this court entered an order [6] directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's order [4] of March 30, 2010. In addition, plaintiff was directed to comply with this

court's order [4] of March 30, 2010, on or before June 17, 2010. The plaintiff was warned in this court's order [6] of May 27, 2010, that failure to advise this court of a change of address or failure to timely comply with any order of this court may lead to the dismissal of his complaint. The court finds that the order [6] of May 27, 2010, has not been returned. Plaintiff failed to comply with this order [6].

On July 2, 2010, this court entered a second order [7] directing the plaintiff to show cause why this case should not be dismissed for his failure to comply with the court's orders [4, 6] of March 30, 2010, and May 27, 2010. In addition, plaintiff was directed to comply with the March 30, 2010, order [4] on or before July 23, 2010. The plaintiff was warned in this court's order [7] of July 2, 2010, that failure to advise this court of a change of address or failure to timely comply with the requirements of the orders would result in this cause being dismissed. The court finds that the order [7] of July 2, 2010, has not been returned. Plaintiff failed to comply with this order [7].

Plaintiff has failed to comply with three court orders and has not contacted this court since March 30, 2010. This court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority

2

to dismiss the action <u>sua sponte</u>.  <u>See generally</u> <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1962); <u>Larson v. Scott</u>, 157 F.3d 1030 (5th Cir.1998);  <u>McCullough v. Lynaugh</u>, 835 F.2d 1126 (5th Cir. 1988).  The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  <u>Link</u>, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the court.  <u>Id</u>. at 629–30.

The court concludes that dismissal of this action for plaintiff's failure to prosecute and failure to comply with the orders of the court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the defendants have not been called on to respond to plaintiff's pleading, and the court has not considered the merits of plaintiff's claims, the court's order of dismissal is without prejudice.  <u>See</u> <u>Munday/Elkins Auto. Partners, LTD. v. Smith</u>, 201 F. App'x 265, 267 (5th Cir. 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the plaintiff's complaint shall be dismissed without prejudice.  A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the ___24th___ day of August, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE